Good morning, Your Honors. May it please the Court. I'm Charles Weller on behalf of the appellant. I'd like to reserve three minutes for rebuttal, please. Okay, watch your clock. I'm going to be very strict on time limits today, just so you all know. And if you end up not having anything left to say, just sit down. You don't have to use all your time. Okay, go on. Thank you. The Consumer Legal Remedies Act makes it unlawful to represent that goods have characteristics that they do not have. That's what KLN did here. KLN's label states that the product is naturally flavored and free of artificial flavors. The complaint plausibly alleges that the product contains artificial flavoring. The District Court, nevertheless, dismissed because the product label did not say all natural, 100% natural, or free of artificial ingredients. But the CRA prohibits false representations about a product's characteristics, including the flavoring. And under Moore v. Mars Pet Care, there's no protection for literal falseness. The judgment should be reversed. In this case, the label makes two express flavoring statements, naturally flavored and free of artificial flavors. The complaint alleges that the product contains synthetic D-alumelic acid, which is being used to simulate the fruit flavor. At the pleading stage, this allegation must be accepted as true. If artificial flavoring is used, then those flavoring representations are false. And even if naturally flavored were viewed in isolation as ambiguous, the analysis does not end there. Counsel, can I ask you about the front label? So is it your representation that the front label says naturally flavored and that that is unambiguous? Yes, Your Honor. That is our position, that it says naturally flavored and that it's an unambiguous claim. Counsel, I was looking at the record and I don't know why you didn't make this argument, but the front label also says free from artificial colors and flavors in ER 6. That's an astute observation, Your Honor. It was not pled in our complaint, but that is what the front label does say. This case comes down to one simple thing. There's an express statement, express flavoring statement of no artificial flavors. And we've plausibly alleged that this product contains artificial flavoring. And under more, there's no protection for literal falseness. But wouldn't a reasonable consumer, seeing the package, the bright colored fruits, shelf-stable product, candy licorice, presume that it's puffery or it's not literally true? Under, no, Your Honor. Under the CRA and under more, it makes it clear that there's no protection for literal falseness. This product contains specific express flavoring statements. And that specific express flavoring statement is no artificial flavors. That's a characteristic of the product that's protected under the Consumer Legal Remedies Act. And this court and more made it clear that literal falsity is actionable. But even if naturally flavored were viewed in isolation as ambiguous, the analysis does not stop there. In McGinnity v. Proctor and Gamble, the label must be evaluated as a whole. And the ingredient list may confirm or contradict a front label representation. Here, the label expressly states, free of artificial flavors. That's on the back, and as Your Honor pointed out, also on the front. That statement confirms rather than contradicts the other front label representation that the product is naturally flavored. Kalin also points to the ingredient list in this case. If you consult the ingredient list, it says only malic acid. It does not disclose whether the malic acid is natural or synthetic or if it serves any artificial flavoring purpose. In fact, nothing. Malic acid can do both, right? Malic acid can serve as an ingredient or serve as a flavoring. Yes, that is correct, Your Honor. And we have plausibly alleged in our complaint that the synthetic DL malic acid is functioning as a flavor in this product. It simulates the fruit flavor in the product. But counsel, isn't the malic acid, wouldn't it be okay for us to realize a reasonable consumer may not know that malic acid can be either natural or artificial? Yes, that is correct. In fact, there's nothing in the ingredient list that would lead a reasonable consumer to believe that anything in the product is artificial, if we go that far. So the ingredient list does not help us. But if we look to Williams v. Gerber, consumers are not required to look past an express representation to discover the truth from the ingredient list. I want to go back to what Judge Tong was talking about. We're talking about licorice here, and it's bright. Bright red, pink licorice. Is it unreasonable for the district court to think, there's no way someone looking at bright pink licorice or red licorice is going to think that it's natural? That is the position the district court took, and that position is wrong because of the express flavoring statement. KLN knows there's a premium to products that have natural flavoring. They specifically called out that this product is free of artificial flavors. That statement is false, and that statement is actual, and that's what this case is about. It's not about a product being all natural. It's about a product that falsely represents there's no artificial flavoring, period. What about KLN's argument that malic acid is merely an enhancer, a flavoring enhancer, and not a flavor itself? If they're right about that, why don't you lose? Your Honor, that is a highly technical issue. It's also a factual dispute, and it was not something the district court held or ruled upon in the lower court. Under Singleton v. Wolf, we can't resolve something that the district court has not made a finding on. That may be a factual dispute that we explore in discovery in this case. Okay, there was another ground that the district court dismissed on. It concluded that artificiality was not pled with sufficient particularity. That was also error. The complaint identifies the laboratory, the date of the testing, the isomer testing detecting the D form of the malic acid, the regulatory basis that D-L malic acid does not occur naturally, the synthetic origin, and the role that it plays in flavor simulation. We have pled the who, what, when, where, and how of the alleged fraud. And Rule 9B requires particularity, not proof. At the pleading stage, plausibility is sufficient. Thank you. Counsel, how have you pled the how, the methodology that resulted in the lab finding that there was a D-L malic acid and not a mere L malic acid? Your Honor, I will refer you to paragraphs 24 to 28 of the First Amendment complaint, 31 and 32, 41 and 43. In short, the complaint plausibly alleges that synthetic D-L malic acid is being used to simulate the fruit flavor and that the D isomer was detected in testing and that malic acid does not occur naturally and that it has a role in the flavor simulation in this product. We're just looking at the complaint now. And I'm wondering if you allege that you lack an adequate remedy at law to support your unjust enrichment claim. We pled that relief in the alternative under Sonner. At the pleading stage, we're entitled to alternative remedies. And that was something that we pled in the alternative. Okay. Can you tell me where? Just tell me what paragraphs I have in the complaint. Is your arguing we should reverse on the unjust enrichment claim, too? Well, the unjust enrichment claims pled in the First Amendment complaint, paragraphs 81 through 88. Okay. How much time did you want to reserve? I'm going to summarize right now and save my rest for rebuttal. To summarize, this label says naturally flavored. It says free of artificial flavors. The complaint plausibly alleges that the product contains artificial flavoring. Under the Consumer Legal Remedies Act, in this court's decision and more, literal falsity is actionable. The district court should be reversed. Thank you, counsel. Thank you. Your Honor. Thank you, Your Honor. May it please the court, J. Singh of Foley and Lardner for Defendant Kalin. Your Honor, on the issue of the unreasonable consumer standard, the plausibility of the allegations as to whether the malic acid here was sufficiently alleged to be artificial, we're going to submit on the papers. I think it's been argued the court has asked questions. Unless there are specific things that the court wants me to address as it relates to that. Where I actually would like to focus the court, under Sonner, anything argued on the record, whether or not it's in the order, if it's relied on by the court, which presumably it was, reviewed by the court because it's highlighted in the briefing, can be grounds to affirm a dismissal. Where I would like to focus the court, and it was raised earlier, is the question of whether this complaint, as it's alleged, asserts affirmative allegations that essentially support and establish on the complaint that the malic acid here served as a flavor enhancer. They don't have to establish that. They just have to, at the motion to dismiss stage, just plausibly allege that it served as a flavor here as opposed to an enhancer. Yes, Your Honor. And what I'm saying is it doesn't plausibly allege that the malic acid here served as a flavoring agent. Rather, it plausibly alleges, what I mean by establishes, this complaint, based on affirmative allegations, plausibly alleges that the malic acid rather served as a flavor enhancer. And what I'd like to do, to just give the court an understanding of where I'm going with this, is simply talk about the definition of flavoring agent and flavor enhancer in the regulations. And then cite to specific allegations in this complaint, factual allegations, which under the plausibility, under Iqbal, Twombly, have to be made, factual allegations that support that the malic acid here, or plausibly allege, Your Honor, that the malic acid here served as a flavoring enhancer. But didn't they, didn't plaintiffs allege that the malic acid was a flavor, and that it was an artificial flavor, thus rendering the label false? I mean, isn't that enough? In a conclusory way, Your Honor. They took boilerplate language from the regulation and jumped to a conclusion. But the actual factual allegations, if the court will allow me, that's in the first amendment complaint, actually don't establish that. It actually establishes that it's a flavor enhancer. By the way, would a reasonable consumer understand, I mean, I just learned about this for the first time, that there's a distinction between flavoring agent and flavoring enhancer, and I guess my question is, would a reasonable consumer shopping for licorice have that distinction in mind? Sure, Your Honor. It's actually two separate analyses. The reasonable consumer standard analysis, and whether or not the allegations here plausibly allege that the malic acid, or sufficiently plausibly allege that the malic acid is a flavoring agent versus a flavoring enhancer, those are actually two separate analyses and arguments. A reasonable consumer likely would not be charged, it's an objective standard, likely would not be charged with knowing one way or the other whether a particular ingredient serves as a flavoring agent versus flavoring enhancer. It's important, however, because as plaintiff's counsel started this whole argument, it goes to whether or not there's literal falseness or deception here. In other words, if in fact this complaint plausibly alleges that the malic acid is a flavoring enhancer, if that's the case, then all the other claims, the CLR claim, it's false. But the CLRA also prohibits misleading statements, right, not just literally false statements. Correct, but if it's a flavoring enhancer, you don't have a regulatory violation in terms of having to put artificial flavor. In other words, the label as it stands actually follows FDA regulations, and in fact what you would have instead, Your Honor, is a preemption argument. But have you made a preemption argument? There was no need, Your Honor, to make a preemption argument. In other words, that with where the complaint was alleged, the argument to be made was that it's a flavor enhancer based on the allegations. All right, I'm looking at paragraph 22 of the first amended complaint. Yes, Your Honor. It says these statements, talking about the back label actually, free of artificial colors and flavors, and it alleges these statements are false and or misleading. All of the products contain an ingredient known as malic acid, which is used as a flavoring in the products. The form of malic acid used in these products is artificial, as set forth in greater detail below, and then it goes on. I don't understand how you're saying that they're not – I mean, this is stating a claim. You haven't even filed an answer. Sure. This could be – to me, this is more of a question of fact. Well, let me just walk you through, because that's actually not the allegation in the amended complaint, Your Honor, that supports the assertion that this malic acid serves as a flavoring. Did they have to plead that it was a flavoring agent?  You're saying that a plaintiff, a reasonable consumer, average person who goes to the grocery store has to plead that this – It's not under the reasonable consumer test, Your Honor. It's not – in other words, whether or not this label would deceive a reasonable consumer, that's a separate analysis as to whether or not the malic acid in this product serves as a – In order to state a claim, period, plaintiff has to allege two things, plausibly. One, that the malic acid in this product was artificial. There was a discussion that he focused on with regard to that, but also that it's a flavoring agent as opposed to a flavoring enhancer. Why does he need to plead that it's a flavoring agent? Can't he just plead that the flavoring is artificial and that malic acid was a flavoring? You're making that it's a flavoring, Your Honor. In other words, when you say can't he just plead that the flavoring is artificial, you're assuming that it's a flavoring. But that's a question of fact then that can be disputed. It normally would be. But now let me just focus the court in on some allegations that establish that actually here what he's alleged is that – and it's in the briefing, but I want to focus the court in on that if I could. That what he's alleged actually establishes – establishes, supports or plausibly alleges that the malic acid serves as a flavor enhancer. I mean so first of all, flavoring agent, definition. Sorry, counsel. I'm sorry to interrupt. But before you go there, why can't a flavoring enhancer, assuming you're even right about that, constitute a flavoring or a flavor that's encompassed within the meaning of a label? Because the FDA regulations make a distinction. That's actually precisely why. The FDA regulations distinguish between an ingredient that serves or functions as a flavor enhancer versus one that serves as a flavoring agent. That's why there was so much argument. That's why in the briefing he responded and there was so much argument as to whether – like what does this malic acid serve as? And that's really, like I said earlier, where the rubber hits the road in this case. And it's normally a question of fact except when you plead yourself out of court. And you can look at Dunford. For an example of that, this court's opinion in Dunford where if you have affirmative allegations that otherwise establish, and that's what I meant by establish because you take the allegations as true in the complaint. Otherwise establish, what normally would be a question of fact, it's not in dispute anymore. And the court can rely on it in ruling on a motion to dismiss. Counsel, I cut you off before you were about to get into this. But can you point out where then in your view plaintiff has plead himself out of the case? A hundred percent. Let me start with just the definition of the regulation so you can conceptually see what the definitions say. And then let me go to what the allegations are and you'll see the connection. So first of all, flavoring agent. What the plaintiff is arguing the malic acid serves here and says, I've plausibly alleged that. First thing he said when he was before this court this morning. So a flavoring agent simulates, resembles, or reinforces, and this is the key part, the characterizing flavor of the product. That's 21 CFR section 101.22I1. Now flavoring enhancer. Flavoring enhancer. A substance that supplements, enhances, or modifies the original taste and or aroma of the food without imparting a characteristic taste or aroma of its own. And that's 21 CFR section 170.3011. Now, allegations in the complaint. Trammell alleges. Wait, what paragraph? Your Honor, we cited, I think it's paragraph 29. It's ER 31 in the record. I just want to know the paragraphs of the complaint. Sure. I think it's 29. I may be mistaken. But I'll read it to you, Your Honor. And if it's maybe 28. But there is only a ratio between acids. This is, these are the factual allegations. There's only a ratio between acids and sugars that is naturally found in strawberries. And that malic acid can generally be used to simulate such a flavor from scratch or to adjust flavor notes. Counsel, I'm looking at ER 31, but I don't see that. I don't see that either. Or in 28 or 29. I believe, is it paragraph 29? No. No. Okay. I apologize, Your Honor. I can confirm that. That is a rookie mistake. And let me pull. You're down to three minutes, counsel. I'm not going to extend your time. I'll finish up, Your Honor. Just get to the point.  So, the, another specific allegation. Trammell alleges, and this is, I think, paragraph 29. Malic acid changed the ratio between sugar and acid of a characterizing fruit flavor, which he concedes was imparted by natural strawberry or raspberry flavoring ingredients. He says, changed the ratio between sugar and acid. So, those are, and then goes on to conclude that the malic acid reinforces, simulates, and creates the products characterizing strawberry and raspberry flavors. I mean, there's no dispute that the characterizing flavor of this product is strawberry and raspberry. In the judicial, in the, the court took judicial notice of the labels here. And on the labels themselves, there's the ingredient list on the back side. This is not a question of whether you can go to the ingredient list or not under Ninth Circuit precedent. This is, this is not talking about the reasonable consumer standard. I'm just saying the court can take that into account because it's the label. And on the label, it's in the ingredient list. It says natural flavor and malic acid as two separate ingredients. Now, what we are arguing is that. Could it also mean that malic acid is not a natural flavor? That malic acid is not a natural flavor. What it means is. Your argument was that because natural flavor is listed in the ingredients list, you've got palm oil and then malic acid is listed. Your argument was that it's not a, that it means it's not a flavor. But what I'm saying is it could also mean that it's not an art, not a natural flavor, that it's an artificial flavor. I suppose it could mean that, but it could also mean that the malic acid is there and it serves a function that's different than a flavor because you have natural flavor. And that's consistent with the front label, which we've talked about the labeling here. The front label of the product that says natural strawberry and raspberry flavored licorice. Right there in big letters on the front label. And so what we're saying here is that if you look at the definition of flavoring agent versus flavoring enhancer and you look at the allegations of the first amended complaint, the factual allegations, not the punchline that simply takes the definition of flavoring agent and puts it into a paragraph, but rather the factual allegations, there's no doubt that you have natural flavor that's listed in the ingredient list that's giving this product its characterizing strawberry and raspberry flavor. It has to be somewhere. And under FDA regulations, if you're using like a natural strawberry flavor or raspberry flavor, you can just put natural flavor in the ingredient list. You don't have to list it all out. And the malic acid takes that original characterizing flavor, that original taste, that characterizing flavor, and it adjusts it. It adjusts it because it gives it a tartness. I think common sense would dictate malic acid itself doesn't have a taste. It has a tartness to it, but it doesn't really have a taste or aroma. It certainly would not on its own give this licorice its strawberry or raspberry flavors. That has to come from somewhere, and it comes from the natural flavor. What the malic acid does is it adjusts for the allegations of the complaint that original taste, that characterizing flavor. All right. Thank you, counsel. You're over your time. Thank you. A couple of brief points, please. Everything my colleague raised is a factual dispute, and in terms of the factual issue on the malic acid, instead of reading dozens of cases into the record, nearly every court in this district has decided this is a factual issue that cannot be resolved on a motion to dismiss. I refer you to footnote four of the appellant's reply brief. Also... Counsel, let me get clarification from you. What do you mean, this issue? Whether it's a flavor agent or a flavor enhancer, or what is the factual issue? The factual issue of whether the malic acid is a flavor or a flavor enhancer cannot be resolved on a motion to dismiss. If there's competing inferences, it's resolved in favor of the plaintiff, and that was articulated as recently as last year before this court in the case of Shivey v. Prosops. Also, under Singleton v. Wolfe, this court may not make factual findings that the district court has not made, and once again, there's been no exceptions to that that have been discussed that would apply. At the pleading stage, the allegations must be accepted as true and cannot be resolved on a motion to dismiss. For these reasons, we ask the court to please reverse the judgment. Thank you. All right, thank you, Counsel. Trammell v. KLN Enterprises will be submitted.
judges: WARDLAW, ALBA, TUNG